IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| PATRICK A. ESPOSITO, II | ) | |
| | ) | |
| | ) | Civil Action No. 4:09-1543-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CONSENT ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff's attorney ("Petitioner") has filed a Petition for approval of attorney's fees in this Social Security disability case.

A review of the file reveals that Plaintiff's initial request for disability insurance benefits (DIB) was denied and Plaintiff sought review of the Commissioner's decision in this Court. Plaintiff was ultimately successful, obtaining a judgment filed July 20, 2007 that reversed and remanded the case to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. §405(g).  After hearing, the Administrative Law Judge rendered a Fully Favorable Decision, finding Plaintiff disabled since February 22, 2007.  Petitioner filed this motion for attorney's fees on November 10, 2011, pursuant to 42 U.S.C §406(b).

**Discussion**

Title 42, U.S.C. §406(b)(1) provides, <u>inter</u> <u>alia</u>, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits…and the Commissioner…may, notwithstanding the provisions of §405(1) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The record before this Court reflects that Petitioner has spent a total of 37.25 hours representing the Plaintiff before the District Court, and in his Petition, Plaintiff's attorney requests an award of $11,837.50 for these services. The Plaintiff and his Representative Payee provided a statement agreeing with this request. The Commissioner has filed a Response to the Motion indicating no objection to the Petitioner's request for an award of attorney's fees in this amount.

Social security appeals raise difficult legal questions of the complex interrelationship of statutes, regulations, administrative policies and procedures, and case law. The customary fee in social security cases is twenty-five percent (25%) of the past due benefits, and Petitioner's expectation at the outset of the litigation was that he would receive twenty-five percent (25%) of the past due benefits. Petitioner represented the Plaintiff for over one year in the United States District Court of South Carolina, and through hard work and diligent effort, obtained successful results for the Plaintiff.

Petitioner requests payment only for fees earned for work performed in this Court, and the Court has reviewed the fee bill presented and finds the hours spent and the activities performed to be reasonable. <u>Gisbrecht v. Barnhart</u>, 525 U.S. 789, 805-809 (2002). Based upon

the contingency agreement, twenty-five (25%) percent of Plaintiff's past due benefits ($71,350.00) would be $17,837.50. Petitioner has already been paid $6,000.00 for representation during administrative proceedings, leaving a balance of $11,837.50. In compliance with 42 U.S.C. §406(b), Petitioner's requested fee does not exceed twenty-five (25%) percent of any past-due benefits. Further, multiplying the number of hours attributable to the Petitioner's time spent in federal court (37.25 attorney hours) by an hourly rate of $317.78, yields Petitioner's recommended fee of $11,837.50. This fee does not amount to a windfall. See Causey v. Astrue, No. 05-2025, 2008 WL 111318 (D.S.C. Jan 8, 2008).

## Conclusion

Based on the foregoing, and after careful consideration of the case file, the other evidence, and the arguments presented, the Court finds that Petitioner's requested fee is reasonable. Therefore, IT IS ORDERED that Petitioner is awarded $11,837.50, for work performed on this case in the United States District Court.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

Florence, South Carolina  
Date:  January 23, 2012